UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN VERDUZCO MARTINEZ,<br>Petitioner,<br>v.<br>SERGIO ALBARRAN, et al.,<br>Respondents. | Lead Case No. 1:26-CV-01280-TLN-ICD<br>(Consolidated with Case No. 1:26-cv-05171-TLN-DMC)<br><u>ORDER</u> |

Petitioner Adrian Verduzco Martinez is a federal immigration detainee proceeding with a consolidated petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. On October 16, 2026, Chief District Judge Troy L. Nunley referred this matter to the undersigned Magistrate Judge for further proceedings pursuant to Local Rule 302 and 28 U.S.C. § 636(b)(1)(B). ECF No. 39. Currently pending before the Court are retained counsel's motion to withdraw as attorney of record (ECF No. 28) and numerous pro se motions filed by Petitioner following his re-detention. See ECF Nos. 13, 17, 24, 25, 27, 30, 31, 32, 34, 36.

**II. BACKGROUND**

On February 13, 2026, Petitioner, through retained counsel Kyle Jordan Howard, filed a petition for writ of habeas corpus and a motion for preliminary injunctive relief. See ECF Nos. 1, 3. On March 5, 2026, Chief Judge Nunley granted the motion for a preliminary injunction, ordered Petitioner's immediate release from custody, and enjoined Respondents from re-detaining Petitioner absent specific statutory and constitutional protections, including a pre-deprivation hearing before a neutral decisionmaker. (ECF No. 9).

Following a subsequent immigration hearing in May 2026, Petitioner was re-detained. See ECF Nos. 12, 19. Petitioner thereafter initiated a separate habeas action (Verduzco Martinez v.

Albarran, No. 1:26-cv-05171-TLN-DMC)[1] and filed a pro se request for custody status review in this action. ECF No. 13. On July 10, 2026, the Court consolidated the two actions, construed the second-filed habeas petition as a Motion to Enforce Judgment (ECF No. 17), ordered briefing on the motion, and directed Mr. Howard to file a status update regarding his representation of Petitioner. ECF No. 16.

Mr. Howard responded on July 10, 2026, clarifying the limited scope of his initial retention, and subsequently filed a formal motion to withdraw as counsel on September 2, 2026. ECF Nos. 18, 28. Meanwhile, Respondents filed an opposition to the Motion to Enforce Judgment on July 15, 2026, accompanied by audio recordings of the May 2026 pre-deprivation hearings. ECF Nos. 19-22.

Since July 2026, Petitioner has filed a series of pro se motions and pleadings, including: (1) a Motion to Enforce Constitutional Limits on Detention (ECF No. 24); (2) Motions to Expedite Ruling on his motions to enforce judgment and for immediate release (ECF Nos. 25, 27); (3) multiple motions to supplement or amend his habeas petition, along with proposed First and Second Amended Petitions (ECF Nos. 30, 32, 33, 34, 35); and (4) two Motions to Appoint Counsel (ECF Nos. 31, 36).

## III. DISCUSSION

### A. Motion to Withdraw as Counsel (ECF No. 28)

Retained counsel Kyle Jordan Howard moves to withdraw as attorney of record for Petitioner. ECF No. 28; see also ECF No. 18. Under Local Rule 182(d), an attorney who has appeared may not withdraw leaving the client in propria persona without leave of court upon noticed motion and notice to the client and all other parties.

Here, Mr. Howard was retained for the limited purpose of representing Petitioner in connection with his original habeas petition and initial release proceedings. That scope of representation concluded when Petitioner was released pursuant to the March 5, 2026 preliminary

[1] On July 10, 2026, Chief District Judge Troy Nunley consolidated this separate action with this one and closed the other case. See Verduzco Martinez v. Albarran, No. 1:26-cv-05171-TLN-DMC, ECF No. 11.

injunction. Following his re-detention, Petitioner has proceeded entirely pro se and has explicitly requested that the Court appoint new counsel upon relieving Mr. Howard. ECF Nos. 31, 36. Finding good cause shown, the Court grants Mr. Howard's motion to withdraw as counsel of record.

**B. Motions to Appoint Counsel (ECF Nos. 31, 36)**

Petitioner requests the appointment of counsel to assist him in challenging his re-detention. ECF Nos. 31, 36. Pursuant to 18 U.S.C. § 3006A(a)(2)(B), a court may appoint counsel for a financially eligible petitioner seeking relief under 28 U.S.C. § 2241 whenever the court determines that "the interests of justice so require." In assessing whether the interests of justice require appointment of counsel, courts consider the likelihood of success on the merits and the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved. Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983).

Given the procedural posture of this consolidated action, the factual and legal complexities surrounding whether Respondents complied with the terms of the Court's March 5, 2026 preliminary injunction during the May 2026 pre-deprivation hearings, and Petitioner's ongoing detention, the Court finds that the interests of justice require the appointment of counsel. Accordingly, Petitioner's motions to appoint counsel are granted. The Court will appoint the Office of the Federal Defender to represent Petitioner, or, if the Federal Defender is unable to accept the appointment, an attorney from the Criminal Justice Act (CJA) Panel.

**C. Remaining Pending Pro Se Motions (ECF Nos. 13, 17, 24, 25, 27, 30, 32, 34)**

Prior to the resolution of counsel's status, Petitioner filed multiple pro se requests seeking overlapping forms of relief, ranging from enforcing the prior preliminary injunction order to seeking leave to file amended and supplemental habeas petitions. Because Petitioner will now be represented by appointed counsel, and to ensure the orderly administration of this action, the Court will deny all remaining pending pro se motions without prejudice to their renewal through appointed counsel.

Once new counsel has appeared and had an opportunity to review the docket, the audio recordings of the pre-deprivation hearings, and Petitioner's file, counsel may determine whether

to pursue relief via a renewed motion to enforce the preliminary injunction, a motion for leave to file an amended petition, or another procedural mechanism.

**IV. CONCLUSION**

In accordance with the above, IT IS HEREBY ORDERED that:

1. Attorney Kyle Jordan Howard's Motion to Withdraw as Counsel of Record (ECF No. 28) is GRANTED. The Clerk of the Court is directed to terminate Mr. Howard as counsel of record for Petitioner.

2. Petitioner's Motions to Appoint Counsel (ECF Nos. 31, 36) are GRANTED.

3. The Clerk of the Court shall serve a copy of this order, along with a copy of the § 2241 petition, on the Federal Defender, Attention: Habeas Appointment (CAE_Appointments_Habeas@fd.org).

4. Within **seven (7) days** of this order, the appointing authority for the Eastern District of California shall identify counsel and send counsel's contact information to the undersigned's courtroom deputy Jodi Palmer at jpalmer@caed.uscourts.gov, and counsel will be added as counsel for Petitioner. If counsel is not a member of the Eastern District of California Criminal Justice Act Panel, within seven days of this Order the Federal Defender shall file a motion to appoint counsel as CJA counsel *pro hac vice*.

5. New counsel for Petitioner shall meet and confer with opposing counsel on a briefing schedule and jointly file that schedule with the court within **fourteen (14) days** of this order.

6. In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, Respondent shall not transfer Petitioner outside of this judicial district, pending further order of the court. See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions . . . ."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's

jurisdiction or maintain the status quo by injunction pending review of an agency's action").

7. Petitioner's pending pro se motions-- specifically, the Request for Custody Status Review (ECF No. 13), the Motion to Enforce Judgment (ECF No. 17), the Motion to Enforce Constitutional Limits on Detention (ECF No. 24), the Motions to Expedite Ruling (ECF Nos. 25, 27), the Motion for Leave to Supplement First Amended Petition (ECF No. 30), and the Motions for Leave to File an Amended Petition (ECF Nos. 32, 34) -- are DENIED WITHOUT PREJUDICE to renewal by appointed counsel.

8. The proposed First Amended Petition (ECF No. 33) and Second Amended Petition (ECF No. 35) are STRICKEN without prejudice to appointed counsel seeking leave to file a consolidated amended petition.

Dated: October 20, 2026

ILA C. DEISS
UNITED STATES MAGISTRATE JUDGE